I'd like to call the next case, please. 17-384 Vestman v. Johnson v. Eddie C. Johnson, Superintendent, Chicago Police Department, City of Chicago. Okay, will counsel on the case please approach? And why don't you tell us your name, who you represent, and how much time you would like to argue. Good morning, your honors. Kelly Crouchen on behalf of the appellant, Mr. Vestman Apostolov. And ten minutes would be sufficient. Good morning, I'm Suzanne Lose. I represent the superintendent of police, Eddie Johnson. I believe I can cover about ten minutes also. I plan for no more than the usual fifteen. Okay, and you'll take a couple of minutes for rebuttal? About three minutes for rebuttal, your honor. All right, and I will tell you both that the microphone in front of you, as you may know, is not for amplification. It's just for recording the arguments. So if you would keep your voices up so that everybody in the courtroom can hear you. I can say on behalf of myself and my colleagues that we have read all the briefs, we're familiar with your arguments in the record. And so if you want to launch right into the legal arguments, feel free. So with that, Ms. Crouchen, would you like to proceed? Good morning, your honors. May it please the court. Again, my name is Kelly Crouchen, and I represent the appellant, Mr. Vestman Apostolov. This matter involves an administrative appeal that originated before the Human Resources Board of the City of Chicago. The Human Resources Board's decision to reinstate the appellant to the eligibility list for the position of probationary police officer was correct for two reasons. Number one, juvenile criminal conduct is not a disqualifying factor. Number two, assuming arguendo that juvenile criminal conduct is disqualifying under the Chicago Police Department's disqualification guidelines, the Human Resources Board acted properly in using its discretion to reinstate the appellant. So on your first point, juvenile criminal conduct is not included in the provision that says absolutely anybody who has committed conduct constituting a felony is ineligible for employment. Where do you get from that, that it doesn't apply to juvenile conduct? There's no distinction. There's disqualifying standards, which are Chicago Police Department's disqualifying guidelines. There's no distinction that juvenile criminal conduct should be treated any differently. And specifically, there's a process for an appeal. The appeal process before the Human Resources Board provides a disqualified candidate the opportunity to have their facts of their situation heard. With that, it provides the opportunity to give context to the facts surrounding the disqualification. What does one have to do with the other? That is, the fact that it doesn't specify juvenile versus adult. This is basically everything. I mean, it includes both. You could read it that way because it doesn't distinguish it. So why would it follow that they would have discretion to decide when it's a juvenile case? Is that what you're saying? Or any case they can decide? I think as a matter of policy, our juvenile justice system treats juvenile criminals different than adult criminal conduct. Sometimes it does and sometimes it doesn't. And the law has been changing on that slowly. But it's changing case by case and statute by statute. But right here, there isn't any differentiation made. And in fact, there are exceptions. And so they knew there could be made exceptions. And none of those exceptions specify juveniles. And that's correct. And the economist asserts here that the disqualifying standards are intentionally left overly broad for the Chicago Police Department to determine a qualified candidate or not. But the discretion is vested in the Chicago Police Department, right? Because they say an applicant who is engaged in any conduct which constitutes a felony is ineligible for employment. Period. The discretion actually lies in the Human Resources Board. It's the Human Resources Board. It seems to me we're in the ordinance creating the board that provision is. The directives from the CPD's disqualifying standards, which is at Administrative Special Order, Section 14-01, provides for disqualifying guidelines for the background investigators for the Chicago Police Department. Those are not binding on the Human Resources Board. There is nothing in the Municipal Code of the City of Chicago that codifies the Chicago Police Department's administrative orders and holds them binding on the Human Resources Board. But my question is where in the ordinance creating the Human Resources Board, because it's a creature of statute, it's a creature of law, where is it in that act or legislation that says the Human Resources Board can override what the Chicago Police Department has determined are the criteria for eligibility for employment? The City of Chicago's Municipal Code, Section 2-74-060, provides the processes and procedures for all things human resources related for the City of Chicago. The Human Resources Board oversees many different departments for the City of Chicago. And by allowing this appeal process for candidates that were disqualified by the Chicago Police Department, it has provided the Human Resources Board with that jurisdiction. There is no explicit ordinance that provides that. I'm drawing a distinction between what the Chicago Police Department has determined are the criteria for eligibility, whether they're mandatory or discretionary, and then the Board's consideration of whatever it is that the CPD determined with respect to a particular candidate. And if the CPD's own rules say you are not eligible for employment if you have engaged in conduct which constitutes a felony, where does the Board get the authority to override that? The Board, through its own, through the way the City of Chicago has established the Human Resources Board, and given that authority, there is no explicit authority, Your Honor, that says that they have, but they've done it. It's been something that has been going on for numerous years. When you say done it, what do you mean it? The Human Resources Board has heard disqualified candidates' appeals in the form of a hearing before their Board and has ruled to reinstate numerous candidates. Let's scrap that. Okay. Now, but the question is where here it's mandatory that no applicant with a felony is eligible. Okay. That's a mandatory rule. Are you saying that when every mandatory rule with regard to hiring in the City of Chicago can be overturned by this Court? Yes, Your Honor. Did you have any case where, a reported case where there was a mandatory rule? If I can, back to the point of felony, Your Honor, the superintendent keeps inserting that this was a felony. In fact, that was not the basis of why the appellant was disqualified. They are served with a notification of the disqualification basis, and it was criminal conduct. That was it, criminal conduct. There was no specification as to felony criminal conduct. It was criminal conduct. Before we get to that issue, which is a different issue, the issue I was raising was every mandatory rule by any city department that does hiring can be overturned under your reasoning by this Board. The Human Resources Board has its own discretion. They can overrule any mandatory rule. If the City of Chicago says, we are not going to hire anyone who lives in Joliet, because that's not in the City of Chicago, so they can hire people in Joliet, even though it says we will not hire anybody outside the city limits, you say that they can, at their discretion, can overturn that rule that applies to everybody who applies. Is that what you're saying? I don't think that's a fair reflection of the point I'm trying to make. The point the appellant is trying to assert here is that there's a question whether that was a mandatory disqualification or not. The superintendent purports that it's mandatory, but the actual disqualification that the appellant was served with was under a discretionary disqualification, not a mandatory. Well, let's get to it. You're saying that that has to do with whether it's a felony or not. Correct. Okay, but that's a different issue. Before we get to that issue, if it is a felony, let's say we agree then, that if it is a felony, then under this rule, whether it was juvenile or it was adult, not capable of being hired. That's the rule. Whether you like it or not, that's the rule. That's Chicago Police Department's own rules, correct. Are you saying then that every department in the city of Chicago who has rules with regard to who's eligible, who's not, there are mandatory rules. We have a rule. We're not going to hire anybody who is found guilty of murder, but that can be overturned by the board. Is that what you're saying? Judge, I think, with all due respect, the hypotheticals that you're providing here are in no way analogous to the facts that are present. It has to do with the rule of mandatory nature. All I'm saying is it does have the facts. The fact that it says you're not eligible for employment if you're engaged in a felony is similar to you're not eligible for employment if you don't live in the city of Chicago. It's a very similar type situation. So are you saying that a rule like that could be overturned in a particular situation by the board? I'm saying that the city of Chicago has provided through this appeal opportunity, has established a procedure so that the Human Resources Board can hear the context of every situation. Counsel, isn't it more likely, is it more likely that what the board hears is the Chicago Police Department is saying we're only going to hire somebody who has a bachelor's degree in environmental sciences for the EPA department and somebody does not get hired and then they take it to the board and it's the board's job to figure out do they have this bachelor's degree in environmental sciences or don't they? Was the fact finding of the agency correct? And that the board has the opportunity on appeal to figure out what the facts are. But what the facts are will not change what the rule is. If the rule is that you can't have a felony in your background and be hired by the Chicago Police Department and if the board finds that there were felonies in this guy's background, he cannot be hired. The board can't change the rule. The board can just decide whether the fact finding was correct. And Your Honor, the fact, and I think back to the point again, the term felony is what I think is getting the point. Well, felony is felony. This was Please tell me we're not going to get into what is truth. No, Your Honor, but the point I'm trying to make is that the purpose of the human resources process and appeal process, and this goes to your point, it is fact finding. And a candidate can be disqualified for engaging in criminal conduct. So it's finding out what was that criminal conduct. And if it was felonies, then that candidate is ineligible. But again, the question of felony, that is not the reason why he was disqualified. He was disqualified for criminal conduct. Would you agree that felonies are criminal conduct? Your Honor, yes, I would agree to that. Okay. So your point is that the CPD didn't cite 14-01-4-B-1 in telling him he was not eligible for employment. Correct. That the CPD treated his felony as a discretionary disqualification? There was no disqualification under the felony portion of these standards. It was under criminal conduct, which is Section 4-B. That was exactly what was Well, 4-B-1 is part of 4-B, and 4-B-1 says anybody who has a felony is ineligible. And there's a huge distinction between 4-B and 4-B-1. And in doing so, it turns on whether it's a discretionary standard or a mandatory standard. But as I understand the way the special order operates, there's an umbrella. 4-B says you engage in criminal conduct who may be disqualified. And then you've got the subsections that say when disqualification is discretionary and when it's mandatory. And if it's a felony, it's mandatory. Again, to the point, it's as if you're charging something with not specifying a specific section. They use the umbrella criminal conduct. He's not an employee. He's applying to be an employee. You're engrafting specificity and charges in a context where somebody's applying to be an employee. I don't think there's any requirement. I'm not aware of any case where it says the potential employer has to invoke exactly the right section in telling the employee he's not qualified for the job. The city established its own process by providing this appeal process to candidates. So the city, through this hearing. So Justice Kuczynski says what the city did was give an applicant an opportunity to show to the board that the city misunderstood the facts, that he really wasn't guilty of a felony or this mandatory disqualification does not apply because the city got it wrong. The city didn't get it wrong. He pled guilty to felonies. That's all the board had to decide, isn't it? Correct. But I think if we look at he pled guilty to what this court is calling felonies, even though they were thefts and burglary charges that were adjudicated in juvenile court. It was adjudicated to unclaimed. A juvenile can be charged with a felony, correct? Yes, correct. So a burglary is a felony. Therefore, Anastata will tell us, right? Correct, Your Honor. The bottom line is this. The facts in this case are interesting. The applicant was 14 years old when he engaged in this conduct. As I know you've read in the briefs, 14 years old, was charged with two counts of burglary, three counts of theft, pled guilty to it, received a year's supervision, a $1,000 fine, and 38 hours of community service. He was 14 years old when, with the cruel kids, he engaged in sexual assault of a girl. Those aren't the cases. No. But see, you're saying a felony isn't a felony when the board decides it's not serious enough. I just don't get where the board is the body that draws that line. That's the process that's in place, that's afforded to the candidates, is to give context. And so under your construct, Mr. Apostoloff could say to the board, I was 14 when I was trying to fit in with the cruel kids. They took a girl to the woods. I was there. I helped him hold her down, but I didn't assault her. But I pled guilty because I was there, and I didn't want to have to deal with the trial. The board could say, you were 14. You know, 14-year-olds do dumb things, and now you're 28, and we're going to overlook that. When the CPD says, we don't want to overlook that, because that's the first question that officer is going to be asked on cross-examination. With all due respect, Your Honor, I think those are two very distinct things. Stealing Nerf guns and cases of soda from a trailer park, trailers in a transportation yard, is very distinct to sexual assault. I think the Human Resources Board acknowledged that. I understand that, but you're saying it's the board that's the arbiter. It's the board that decides how serious the felony is. And I think what the special order says, it's the CPD who makes that decision. And the CPD's orders are not binding on the board, and they do have that discretion to look at the context of a situation, not only look at just the offense that occurred over 20 years ago, but what has happened in the time since that offense occurred. Where does it say that? Sorry? Where does it say that? Where do you get that from? There's nothing written, Your Honor, and that's why we're here, right? We have a statement by the Chicago Police Department regarding felonies. This doesn't distinguish between the age of the individual, whether it's a juvenile or an adult, but it's a very clear statement. Felonies, he can't apply, cannot apply. Now, if it turned out that he did not commit a felony, he would appeal. They say, well, you committed a felony, therefore you're not eligible. If he did not commit a felony, well, that would be a basis for an appeal. But here, he committed felonies, and they said he can't be considered because of it. That's the rule. I mean, it's a bright-line rule, I understand, but that's the rule that's in place. Do you think the O'Connor case helps you or hurts you? The O'Connor case is nowhere analogous to the case at Hantier. The facts are completely different. Mr. O'Connor had two different incidents that gave rise to his disqualification under the propensity for violence disqualification standard. But, you know, I think somebody along the line in that case said, oh, it really wasn't very violent. His mom came and testified and said, well, he didn't push me. He didn't grab my neck like it said in the police report. And the board found in the O'Connor case that the incident with the mother was, in fact, an incident of domestic violence, but found that the second incident with the girlfriend was not. And, therefore, the question was whether or not there was a propensity for violence because propensity is two or more. So what did we do? We sent it back to the CPD. We didn't send it back to the board. We sent it back to the CPD and said, do you think this one instance of domestic violence is enough to disqualify this person? And that goes back to because it is needed two or more for propensity, and that's not enough. No, you don't need. That's what we said. You don't need two or more. We said one's enough, but it's the CPD that makes that decision. And here in this case, CPD didn't make a distinction between juvenile conduct. And, again, there's a huge, huge distinction here. Fourteen years old, 20 years ago, nothing since. The Human Resources Board looked at what happened in those 20 or what didn't happen in those 20 years. Counsel, even if we all agreed with you, which probably we do, that there's a difference between dopey 14-year-olds and grown-ups, and even if we wanted to follow the whole trilogy and all the cases that have followed after that, even if we wanted to do that, we don't have the authority to rewrite the police department's rule. The police department's rule is very clear. They did not make a distinction between juveniles and adults. Maybe they should. Maybe they can. Maybe they won't. I don't know. But you're asking us to write a rule that we can't write. You're asking us to change a rule that's there, and you're asking us to just ignore it, which I'm not comfortable with doing. I'm not asking – the appellant is not asking you to change a rule. Yes. The appellant is asking me to change the rule. He's asking me to say, oh, but it doesn't matter if you're under 18, if you're less than 18, that the rule doesn't count. That's exactly what you're asking me to do. The Human Resources Board made that distinction. But you don't have the authority to do that because this is a mandatory rule. It's not discretionary. And, again, that goes back to the question. Is it discretionary or is it mandatory? But, again, conceding that this court wants to say that it's a felony, the Human Resources Board acknowledged all of those other factors and looked not only to this incident back in 1996 but all the years leading up to now. And that's a very important – there has to be some sort of process where there can be context given. Because if the CPD are to apply a bright-line rule, essentially we'll have no applicants for the Chicago Police Department. I don't agree with that at all. The bright-line rule here is felony, not eligible. The board's job is to say, oh, they made a mistake. It really wasn't a felony. There was something wrong with the records. We've dug a little deeper now. We find out, oh, it was misdemeanors, no problem. But the board cannot possibly have discretion to change a mandatory rule. The board's discretion is where there is some discretionary rule to figure out whether or not the CPD has applied it properly or even where there's a mandatory rule to find out whether or not the facts the CPD is using are being applied right. But I couldn't find anything that gave the board the opportunity or the authority to change a mandatory rule. And I certainly can't find anything for us to do it. And that's why this appeal is so important, is that there should be some distinction between various juvenile criminal conduct and whether or not CPD treats that differently. Counsel, you'll find a lot of support on this Court for that argument, but probably not in a case where you have a mandatory rule at the Chicago Police Department. Now, maybe the lesson here is they should go change the rules or take another look at them or whatever, but that's not our job. We can't make them do that. And so to that, the rules of the Chicago Police Department, again, are not binding on the Human Resources Board, though. The Human Resources Board is able to make an independent determination of the facts. There's nothing that codified those departmental orders and binds them on the Human Resources Board. They are separate and they are provided the opportunity to hear these appeals in front of them and make determinations. So while it may be a mandatory disqualification factor on the Chicago Police Department background investigator, it is not a mandatory disqualification on the Human Resources Board. Because if it was... What rule, what case, what statute? And, again, to their point, there is no guidance. But it exists, Your Honor, and that's the whole point of this. Well, you can't say it exists. We can't just say we ordain it to exist. We need something, some precedent somewhere in order to do that. Because otherwise the general rules and the statutory interpretation criteria that are used in these types of situations all point to the fact that if you have a felony, you're done. And, again, so to kind of piggyback off of that point, Your Honor, is that if this process wasn't meaningful, if it didn't provide an opportunity for a candidate to give context to the whole situation, there would be no point that the City of Chicago spends millions of dollars providing this opportunity for a hearing before the Human Resources Board if they, in fact, don't have the authority to rule on a candidate's ability to be on the Chicago Police Department. What's the procedure for them if they don't have the authority? It's meaningless. So if the school board, and I don't know, if there's a Human Resources Board that says, in order to teach science, you must have a master's degree in science. I just made that up. And they say, well, this person has no master's degree, but brilliant, brilliant person. So they can override anything that any agency says is what you're saying. They have complete discretion, and it doesn't matter what's important to the job as far as the agency that's hiring is concerned. And I just don't see that as being the case. Point taken, Your Honor. I think your hypotheticals are extreme. The facts specific in this case are nowhere near to that extremity. Well, you might say that, but I think it's extreme when it's a felony. It's a felony. And you can say, well, you can give excuses, but the law looks at it as a felony. We have to follow the law. It was criminal conduct at the age of 14 years old. Which was a felony. Which the client was charged in juvenile court and adjudicated and satisfied the terms of his disposition. Again, the facts here, it is this exact situation that provides support that these mandatory disqualifications have severe unintended consequences on a candidate like the appellant here. You're absolutely right. And that was the whole point of this appeal is there needs to be some distinction here in these mandatory disqualifying factors. A situation like this is nowhere near. But, again, isn't that argument more properly directed to the Chicago Police Department and not the board? The problem is the only means you have to. It's the employer that gets to decide what the basic eligibility for the job is. What do you have to have or not have? And, Your Honor, in response to that, the only means an applicant has to challenge a disqualification is before the Human Resources Board. Right. So, yes, CPD should best be the ones to determine that. But the way you appeal that is through the Human Resources Board. All right. I think we understand your argument, Ms. Crouch. If you have anything else you'd like to finish up with. So just in summary, again, you know, Mr. Atkissar committed wrongdoing. He accepted responsibility for that wrongdoing. He satisfied the terms of his punishment for that wrongdoing. He learned his lesson. In over 20 years, the appellant has committed no wrongdoing. He is the epitome of the goals of our juvenile justice system in our country and in our state. And the Human Resources Board properly reinstated him to the eligibility list for the position of police officer with the Chicago Police Department. And thus, Your Honors, the appellant prays that this honorable court affirm the Human Resources Board's decision to reinstate him to the eligibility list for the Chicago Police Department. Thank you. Ms. Lewis. Good morning. May it please the Court. In this case, the Chicago Police Department found Mr. Apostolov disqualified for the position of a police officer based on criminal conduct. He was involved in 1996 in several incidents of burglary and theft. And the police department's Special Order 1401 requires disqualification of an applicant under these circumstances. Does it make a difference, as Ms. Croftson argues, that in notifying the candidate of his ineligibility, the CPD cited the discretionary aspect of the rule? Well, Superintendent did not cite the discretionary aspect of the rule. Actually, the rule is, as a general matter, criminal conduct is a disqualifier. Now, you can go through and read through the Special Order, and clearly there are some exceptions that can be asserted. But none of those have been asserted here. So the criminal conduct here is a disqualifier. And there is no discretion under these circumstances where the crime committed was a felony. And so, again, to the plaintiff's point, if the felony to which the minor pled guilty was, for example, aggravated battery that's aggravated because it occurred on a public way, hit somebody on the street, pushed them on the street, charged with aggravated battery, that's a disqualifier, no questions asked. A felony is a mandatory disqualifier, even under that circumstance. You know, a crime is a felony because the General Assembly has determined it carries that level of significance, it's that serious. And the superintendent has decided to adopt that as a standard. You know, and it's fair to have a standard like that. We are talking about a position of public trust. But the most important thing is that that is a standard the superintendent came up with. It is a mandatory disqualifier. And the board does not have the authority to ignore the superintendent's disqualification standards. And I did want to point out briefly, since this came up for the first time in reply, that this argument that the board does not have to follow the police department's standards at all when it reviews a disqualification, that argument is forfeited as it was raised for the first time in reply, whether it was in the circuit court or in the opening brief. But regardless, there is no authority given to the board under ordinance or anywhere else to ignore the standards, the police department's disqualification standards. The board's role here is to review an official decision, and the only question is whether the police department's decision was correct. And since there is no question that the department properly based its decision on the special order, the board must consider that order in deciding whether the department's determination was correct. As this court examined the same special order recently in Johnson v. O'Connor and recognized that the board is not free to make decisions that are untethered to this special order. There, this court focused exclusively on the language of the special order in determining what should happen after the board had determined that the evidence supported one basis of disqualification but not the other. Could an applicant, for example, appeal, let's say there's an adjudication as a juvenile for felony theft, which actually the entry in the record was mistaken because it was theft of property under $300. So it was really a misdemeanor. Could an applicant who was rendered ineligible because the felony is reflected on the record, appeal to the board and say the record is wrong, this was really a misdemeanor? Yes, of course the appeal is provided to any applicant who chooses it. And yes, the applicant can challenge as a matter of fact whether or not in fact the criminal conduct was a felony. But of course that is not what happened here. And here not only was there a juvenile adjudication and a plea of guilty, but Mr. Apasolov admitted to engaging in the criminal conduct at the hearing and all along the way he was forthright about that. And in those circumstances, he's not challenging the fact, there is no, the board is well situated to take evidence, to hear cross-examination, to judge credibility, but none of that was at issue here where the criminal conduct was admitted to and it was a felony. As this court recognized in O'Connor recently, the special order sets out in detail what types of conduct will result in mandatory disqualification or discretionary disqualification. And here clearly Mr. Apasolov's conduct falls on the mandatory side of the ledger. And he, under section 4B1, he is, quote, not eligible, end quote, for the position. Also there were multiple incidents of theft involving a crime of dishonesty. That is also a mandatory disqualifier under the special order. Why should we treat adults and juveniles the same? Well, in this case, because the superintendent has decided that there is not to be separate treatment, that the disqualifier is going to be criminal conduct and in particular felony and has made no distinction between juvenile and adult conduct. And that makes sense. It's not unfair to set that high standard. In fact, my opposing counsel urges the opposite rule, that juvenile criminal misconduct should be an exception, but of course that would be without regard to how often or how serious. Instead what the superintendent has done here is to focus on how serious a crime is and there's some consideration to how often. If it's not a felony, if you have a single misdemeanor, it may be that you are not disqualified. So it makes some sense and it's important for the police department to set these high standards for a position that involves such high level of public trust. And of course there's no right to become a police officer just because you've only committed the crimes as a juvenile. In short, these are mandatory disqualifiers. The board is not free to disregard them. Just a brief point, my opposing counsel mentioned when asked what the board's authority was, a section of the municipal code 27460 as providing authority and that doesn't say anything about board authority to override the police department's disqualification standards and in fact that section is addressed to hearings for employees, not applicants. And it is in fact the superintendent of police who is in charge of appointing police officers and setting the standards for that under section 284050. So of course the policy underlying the special order here is not the one involving the Juvenile Court Act. It is the one that the policy that is advanced by the superintendent is to hire the most law-abiding, trustworthy applicants and that involves these high standards that are designed to make every effort to hire individuals who respect the law, follow the law, and who will honestly perform their official duties in the field and in court. And as I believe was brought up here this morning, a juvenile adjudication can be used to impeach a witness in court. So it's relevant on that level too. Felonies and repeated incidents of theft raise serious questions about a candidate's ability to do that, and whether or not the crime was committed as a juvenile or as an adult. So in sum, there is no question that Mr. Apostolov did not pass under the department's disqualification standards. The board's decision failed to apply those standards and was thus clearly erroneous. We ask that the judgment of the circuit court be affirmed. Thank you. Anything else? Thank you. All right. Ms. Carlson? Sandia Pound is going to waive rebuttal. Thank you. Thank you. Thank you both for your excellent briefs in this case and your arguments here this morning. We always enjoy them, as we hope you do, and we will take the matter under advisement.